Case 1:25-cv-00330   Document 7   Filed on 12/19/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MIKHEILI MORBEDADZE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No.** 1:25-cv-330 |
| | § | |
| **CARLOS CISNEROS,** *et al.*, | § | |
| Respondents. | § | |

## NOTICE AND ORDER

Before the Court is Petitioner Mikheili Morbedadze's "Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief" (Morbedadze's "§ 2241 Petition"). Dkt. No. 1. Morbedadze, a Georgian citizen, claims that his detention violates the Immigration and Nationality Act ("INA") and requests relief pursuant to "the Court's judgment in *Maldonado Bautista*." *Id.* at 7, 9–10.

It does not plainly appear from the § 2241 Petition that Morbedadze is not entitled to the requested relief.[1] Morbedadze's allegations, taken together, suffice to raise genuine questions as to whether his continued detention violates federal law and the United States Constitution. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the

---

[1] In what appears to be a typographical error, Morbedadze states that "venue lies in the United States District Court for the Eastern District, the judicial district in which Petitioner is detained." *Id.* at 4. The Court notes that venue lies in the United States District Cout for the Southern District of Texas, Brownsville Division, because Morbedadze is detained at the Port Isabel Detention Center, located in Cameron County, Texas. Dkt. No. 1 at 4; 28 U.S.C. § 124(b)(4) ("The Brownsville Division comprises the counties of Cameron and Willacy").

person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id*.

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Morbedadze is detained. *See id*.

Here, Morbedadze is held at Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. Dkt. No. 1 at 4. Morbedadze's custodian then, would appear to be the assistant field office director at PIDC, Carlos Cisneros. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

It is **ORDERED** that Cisneros has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. If Morbedadze chooses to file a reply or other response to Cisneros's response, he must do so within **15 days** of receiving Cisneros's response.

The Clerk of Court is **DIRECTED** to correct the docket to reflect Carlos Cisneros as the respondent, and to terminate all other listed respondents. If Cisneros is no longer the custodial officer for PIDC, the Government shall inform the Court of who is the proper respondent.

**SO ORDERED.**

**SIGNED** on this **19th** day of **December, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**